Filed 8/7/26  P. v. Chappell CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B342803 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA083569) |
| v. | |
| LESTER CHAPPELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Antonio M. Zaldana, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Susan Sullivan Pithey, Assistant Attorneys General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Lester Chappell appeals the judgment entered after a resentencing hearing under Penal Code[1] section 1172.75. He argues the trial court erred in reimposing the upper term for his convictions without findings beyond a reasonable doubt of the aggravating circumstances. We affirm.

## FACTS AND PROCEDURAL HISTORY

### 1. Facts[2]

On June 18, 2008, appellant with a gun in hand approached a victim who was sitting in his car. Appellant demanded money, but the man had only coins. Appellant got into the car and demanded the victim to drive, eventually telling him to stop. Appellant told him to disrobe and to lie down on his stomach. He then tried to sodomize him. Unsuccessful, he forced the victim to orally copulate him. After taking the victim's car keys, appellant ordered him to stay in the car while appellant went somewhere, warning that he would return in a minute. The victim ran away and called the police, who eventually caught appellant driving the stolen vehicle.

### 2. Procedural history

On August 6, 2008, appellant was charged by information with one count each of kidnapping (§ 207, subd. (a)), kidnapping for carjacking (§ 209.5, subd. (a)), assault with intent to commit a felony (§ 220, subd. (a)), forcible oral copulation (§ 288, subd. (c)(2)), failure to update registration annually (§ 290.012, subd. (a)), and criminal threats (§ 422). It was further alleged that appellant kidnapped the victim for the purpose of committing

---

[1] Undesignated statutory references are to the Penal Code.

[2] These facts are drawn from the preliminary hearing transcript, probation officer's report, and police report, which formed the factual basis for appellant's plea.

forcible oral copulation (§ 667.8, subd. (a)) and that he suffered a prior prison term (§ 667.5, subd. (b)).

Appellant pleaded no contest to kidnapping and forcible oral copulation and admitted the special allegation in exchange for a sentence of 26 years in prison, which included the upper terms of eight years each for the kidnapping and the forcible oral copulation, plus nine years for the special allegation, and one year for a prior prison term.

In 2023, appellant's name appeared on the Department of Corrections and Rehabilitation's list of those eligible for resentencing under Senate Bill No. 483. He was appointed counsel and requested a full resentencing.

Appellant asked the court to resentence him to the midterms of five years for the kidnapping and six years for the forcible oral copulation, plus nine years for the enhancement, and to strike the one-year enhancement for the prior prison term. The People opposed any modification other than striking one year for the prior prison term.

On November 21, 2024, the trial court convened the resentencing hearing and struck the now invalid one-year enhancement, but reimposed the upper terms, resulting in a sentence of 25 years.

## DISCUSSION

**1.    Section 1172.75 resentencing and standard of review**

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision (b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense. (§ 1172.75, subd. (a).) If a judgment includes such an enhancement, the court shall recall

3

the sentence and resentence the defendant. (§ 1172.75, subd. (c).) Those who qualify are entitled to a full resentencing, at which the trial court "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

We generally review sentencing decisions for an abuse of discretion (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874), but we review de novo subsidiary questions of statutory interpretation (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, 595).

## 2. The trial court did not err in reimposing the upper term because it was originally imposed

Until 2007, section 1170, subdivision (b) provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15.) In 2007, the United States Supreme Court held that this "violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant." (*People v. Mathis* (2025) 111 Cal.App.5th 359, 370 (*Mathis*); see *Cunningham v. California* (2007) 549 U.S. 270, 274–275 [127 S.Ct. 856, 166 L.Ed.2d 856] (*Cunningham*).) *Cunningham* "noted that California could comply with the Sixth Amendment either by requiring jury findings for any facts necessary to impose an aggravated sentence, or by authorizing sentencing courts ' "to exercise broad discretion . . . within a statutory range." ' " (*Mathis*, at pp. 370–371.)

4

Our Legislature initially responded (in 2007) by choosing the second option, which allowed courts " 'broad discretion' " to choose between the lower, middle, and upper terms. (*Mathis, supra*, 111 Cal.App.5th at p. 371.) This scheme—in effect when appellant was originally sentenced in 2008—was one that " ' "everyone agree[d]" ' " " 'encounter[ed] no Sixth Amendment shoal.' " (*Ibid.*; *People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*).)

Effective January 1, 2022, however, our Legislature adopted the first option in *Cunningham* by amending section 1170, subdivision (b), to make the middle term presumptive and to allow the imposition of the upper term only "when there are circumstances in aggravation of the crime" and the facts underlying those circumstances "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) Enacted the same year, section 1172.75, subdivision (d)(4) refines how this change operates in the context of resentencing under section 1172.75, stating that, "*[u]nless the court originally imposed the upper term*," the court may not impose a sentence exceeding the middle term unless the circumstances in aggravation are admitted or found true beyond a reasonable doubt. (Italics added.)

Appellant argues that the trial court erred in reimposing the upper term for assault without admissions or findings beyond a reasonable doubt of aggravating factors. We disagree. The plain language of section 1172.75 shows that the Legislature intended the heightened standard in section 1170, subdivision (b) to apply at a section 1172.75 resentencing hearing only if a trial court is imposing the upper term for the first time. (*People v.*

5

*Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467
(*Brannon-Thompson*); accord, *People v. Lua* (2026) 121
Cal.App.5th 472, 478 (*Lua*).)  In other words, a trial court is not
limited to imposing a middle or lower term sentence absent
aggravating factors admitted or proven beyond a reasonable
doubt when the upper term was "originally imposed" (§ 1172.75,
subd. (d)(4)).  The *Brannon-Thompson* court adopted this plain
meaning in rejecting a claim that defense counsel was ineffective
for failing to object at resentencing to the reimposition of the
upper term.  (*Id.* at p. 466 [" 'there was no sound legal basis' " for
counsel to object to the superior court reimposing the upper
term].)

Appellant urges us to follow *People v. Gonzalez* (2024) 107
Cal.App.5th 312 (*Gonzalez*), which disagreed with *Brannon-
Thompson*'s plain reading based on "the doctrine of constitutional
avoidance." (*Gonzalez*, at p. 330; *id.* at pp. 327–330 [noting that
the *Brannon-Thompson* court did not grapple with "the
constitutional aspect of section 1170, subdivision (b)"].)  Although
the *Gonzalez* court recognized that section 1172.75 "could be
interpreted as not requiring proof of aggravating factors before
reimposing an upper term sentence," it reasoned that such a
reading "would run afoul of the Sixth Amendment implications
identified in *Lynch*."[3]  (*Id.* at pp. 329, 330.)  *Gonzalez* quoted

---

[3] Our Supreme Court has granted review of an unpublished
Court of Appeal decision to resolve the split over whether section
1172.75, subdivision (d)(4), allows a trial court to reimpose an
upper term sentence when circumstances in aggravation were
neither stipulated to nor found true beyond a reasonable doubt.
(See *People v. Eaton* (Mar. 14, 2025) C096853, review granted
May 14, 2025, S289903.)

6

*Lynch*, *supra*, 16 Cal.5th at page 759, as follows:  " 'Under the current statute the middle term is the maximum term that can be imposed unless additional factual determinations are made.  It is the requirement of additional factfinding that brings the Sixth Amendment into play.' "  (*Gonzalez*, at p. 330.)

 *Gonzalez*'s reliance on *Lynch* is misplaced.  As *Lynch* explained, " 'any fact that *exposes* a defendant to a greater *potential* sentence must be . . . established beyond a reasonable doubt.' "  (*Lynch*, *supra*, 16 Cal.5th at p. 760, quoting *Cunningham*, *supra*, 549 U.S. at p. 281, italics added.)  Section 1172.75 is an ameliorative statute that precludes the imposition of any greater sentence, only allowing resentencing courts to reduce or leave intact the original sentence.[4]  It thus impacts the scope of judicial discretion, but does not involve improper factfinding to increase a defendant's sentence.  (See *Dillon v. United States* (2010) 560 U.S. 817, 828–829 [130 S.Ct. 2683, 177 L.Ed.2d 271] [any facts found at the sentence modification proceedings under "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments" "do not serve to increase the prescribed range of punishment," but rather "affect only the judge's exercise of discretion within that range"; "such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts"]; accord, *People v. Perez* (2018) 4 Cal.5th 1055, 1064 [applying *Dillon*'s reasoning to

---

 [4] "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (§ 1172.75, subd. (d)(1).)

7

another resentencing scheme whose "enactment [was also] intended to give inmates serving otherwise final sentences the benefit of ameliorative changes to applicable sentencing laws"].)

What is more, the Legislature's post-*Cunningham* amendment—in place when both appellant and the defendant in *Gonzalez* received upper term sentences—"eliminate[d] the middle term presumption," and "instead g[a]ve the trial court authority to select among any of the three terms as a matter of discretion and without any judicial factfinding." (*Lynch, supra,* 16 Cal.5th at p. 759.) This change "effectively eliminated the requirement of a jury trial which would otherwise have been required under the Sixth Amendment." (*Ibid.*; see also *id.* at p. 756 ["what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].) We agree with *Mathis* that "[w]here, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*Mathis, supra,* 111 Cal.App.5th at pp. 373–374; accord, *People v. Moss* (2026) 120 Cal.App.5th 375, 380.)

Appellant further urges that "the trial court seemingly made findings regarding aggravated circumstances" in deciding to reimpose the upper term, thereby entitling him to a jury trial. Under the exception provided in subdivision (d)(4) of section 1172.75, it is of no consequence that the court may have considered aggravating factors at resentencing because the upper term sentence was originally imposed. (Accord, *Lua, supra,* 121 Cal.App.5th at p. 476.) We therefore reject appellant's contention that the trial court erred in reimposing the upper term.

8

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:



CHAVEZ, J.



GOORVITCH, J.